IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-HC-2175-D

RICHARD BALTER,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

**ORDER**

On July 24, 2025, Richard Balter ("Balter" or "petitioner"), a federal inmate proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1]. Balter moves for leave to file excess pages [D.E. 2][1], to retain jurisdiction over the petition and prevent transfer to the United States Court of Appeals for the Third Circuit [D.E. 3], and for appointment of counsel [D.E. 4]. As explained below, the court conducts its preliminary review under 28 U.S.C. § 2243, dismisses the petition for lack of jurisdiction, and denies Balter's motions for appointment of counsel and to retain jurisdiction over the petition and prevent transfer to the Third Circuit.

I.

In 1994, a jury in the United States District Court for the District of New Jersey convicted Balter of murder for hire and mail fraud. See [D.E. 1] 1–2; Balter v. United States, No. 18-16681, 2019 WL 959694, at *1 (D.N.J. Feb. 27, 2019) (unpublished), aff'd, 858 F. App'x 572 (3d Cir. 2021) (unpublished). The court sentenced Balter to life imprisonment. See Balter, 2019 WL 959694, at *1. On July 25, 1997, Balter moved to vacate his sentence under 28 U.S.C. § 2255. See id. On June 30, 1998, the court denied Balter's section 2255 motion. See id. On November

---

[1] The court grants Balter's motion for leave to file excess pages [D.E. 2].

30, 2018, Balter filed a second section 2255 motion. See id. On February 27, 2019, the court denied Balter's second section 2255 motion. See id. at *3–4. On May 28, 2021, the Third Circuit affirmed. See Balter, 858 F. App'x at 576. On December 12, 2024, the Third Circuit denied Balter's application to file a second or successive section 2255 motion. See Order Denying Application, In re Balter, No. 24-2497 (3d. Cir. Dec. 12, 2024) (unpublished).

In his section 2241 petition, Balter alleges actual innocence of his crimes of conviction, prosecutorial misconduct, due process violations, and ineffective assistance of counsel. See [D.E. 1] 2; [D.E. 1-1] 1–72. Balter "asks this Honorable Court to grant relief, and be allowed to overcome this grave miscarriage of justice that has been in effect since 1994." [D.E. 1-1] 72.

The court cannot consider a section 2241 motion challenging the legality of Balter's conviction or sentence unless "[a section 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e) ("the saving clause"); see Jones v. Hendrix, 599 U.S. 465, 474 (2023). The court must interpret the saving clause "narrowly." Marlowe v. Warden, FCI Hazelton, 6 F.4th 562, 569 (4th Cir. 2021) (cleaned up); see Jones, 599 U.S. at 477; Slusser v. Vereen, 36 F.4th 590, 594 (4th Cir. 2022). If a section 2241 petition does not fall within the scope of the saving clause, the court must dismiss the "unauthorized habeas motion . . . for lack of jurisdiction." Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam); see Jones, 599 U.S. at 480.

Balter has not shown that a section 2255 motion would be inadequate or ineffective to assert his claims. See, e.g., Bell v. Streeval, 147 F.4th 452, 461–64 (4th Cir. 2025); Raines v. Warden-FCI Petersburg Camp, No. 3:25CV478, 2025 WL 2772754, at *2–3 (E.D. Va. Sept. 29, 2025) (unpublished); Sandlain v. Warden, FCI McDowell, No. 1:22-CV-276, 2025 WL 1572379, at *4–5 (S.D. W. Va. Mar. 19, 2025) (unpublished), report and recommendation adopted, 2025

2

WL 1569062 (S.D. W. Va. June 3, 2025) (unpublished). Balter's inability to meet the requirements for filing a second or successive section 2255 motion does not render the remedy under section 2255 inadequate or ineffective. See Jones, 599 U.S. at 480; Bell, 147 F.4th at 461–64; Beasley v. Warden FCI Edgefield, No. 4:25-CV-244-TMC, 2025 WL 3002161, at *3 (D.S.C. Oct. 27, 2025) (unpublished); Beard v. Warden, No. 1:22-407, 2025 WL 1036602, at *6 (S.D. W. Va. Jan. 14, 2025) (unpublished) (collecting cases), report and recommendation adopted, 2025 WL 1042560 (S.D. W. Va. Apr. 7, 2025) (unpublished). Thus, the court dismisses the petition without prejudice for lack of jurisdiction.

As for Balter's motion for appointment of counsel, no right to counsel exists in habeas corpus actions. See, e.g., Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Mackall v. Angelone, 131 F.3d 442, 446–47 (4th Cir. 1997) (en banc). Nonetheless, the court may appoint counsel if it determines that "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); see Jenkins v. Woodard, 109 F.4th 242, 247 (4th Cir. 2024). This action does not present legally complex issues. Balter has adequately set forth his claims and has the capacity to present those claims. Thus, the interests of justice do not require the appointment of counsel.

II.

In sum, the court GRANTS petitioner's motion for leave to file excess pages [D.E. 2], DENIES petitioner's motion to retain jurisdiction over the petition and prevent transfer to the Third Circuit [D.E. 3], DENIES petitioner's motion for appointment of counsel [D.E. 4], and DISMISSES WITHOUT PREJUDICE petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1]. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). The clerk shall close the case.

SO ORDERED. This 6 day of January, 2026.

                                                             JAMES C. DEVER III
                                                             United States District Judge